WILLIAM V. HELFRICH, ADMINISTRATOR, RESPOND-
ENT, v. OGDEN CITY RAILWAY COMPANY,
APPELLANT.

MASTER AND SERVANT.—NEGLIGENCE.—CONTRIBUTORY NEGLIGENCE.—
In a suit brought by an administrator of a decedent, for a per-
sonal injury resulting in death, where the evidence showed
that the defendant, a street railway company, maintained a
track about twelve to eighteen inches from a line of telegraph
poles, and operated it in that condition, but where it also
appeared that the deceased went the whole length of the track
before he was employed, and knew how near to the track the
telegraph poles were, that he had been running the engine
about eight days before he was killed, that the day he was
killed he was told that he had better keep his head inside the cab
or he would be hurt, and that he put his head and shoulders
outside of the cab while the engine was going forward, and
was looking back, and his head was crushed against one of
the poles; *held*, that while the evidence showed negligence in
the defendant, yet the deceased was himself guilty of such
want of reasonable care that his administrator could not
recover.

NEW TRIAL.—VERDICT CONTRARY TO EVIDENCE.—APPEAL.—Where
the verdict of the jury is manifestly against the undisputed
evidence, and the trial judge refuses to set the verdict aside,
it is the duty of the appellate court to reverse the case and
grant a new trial.

APPEAL from a judgment of the district court of the
first district, and from an order refusing a new trial.
The opinion states the facts.

*Messrs. Smith and Smith (Messrs Kimball and Allison,
Messrs. Boreman and Rogers, Messrs. Miller and Magin-
nis,* were with them on the brief), for the appellant.

*Mr. W. H. Dickson,* and *Mr. O. W. Powers,* for the respondent.

The judgment must be affirmed, because, this being an action at law, this court has no jurisdiction to review or pass upon the evidence, or its sufficiency. Section 1 of Article 7 of amendments to Constitution permits a re-examination only according to the rules of the common law. Constitution is extended over this Territory. Rev. Stat. § 1891. The Territorial act which permits a re-examination of the evidence (§ 538, Code of Civil Proc.) conflicts therewith. The federal courts have always recognized this rule. *Parsons* v. *Bedford,* 3 Pet. 446; *Hyde* v. *Eosroam,* 16 Pet. 177; *Mills* v. *Smith,* 8 Wall. 32; *Dorit* v. *Morris,* 44 Wall. 484; *Woodruff* v. *Hough,* 91 U. S. 602; *U. S.* v. *Dawson,* 101 U. S. 569; *Justices* v. *Murray,* 9 Wall. 277; *Webster* v. *Reid,* 11 How. 460. At common law no review of facts found by a jury could be had except by the *nisi prius* court.

BLACKBURN, J. :

This suit is brought to recover damages for the death of O'Hare, claimed to have been caused by the negligence of the defendant. The deceased was in the employ of the defendant company as engineer managing the locomotives that moved its trains. The negligence claimed is the maintenance by the defendant company of its track too near a line of telegraph poles. It appears from the undisputed evidence that the deceased went the whole length of the track of the road before he was employed, and knew how close to the track the poles were; that he had been running the engine about eight days before he was killed; that the day he was killed he was told he had better keep his head inside the cab, or

he would get hurt; that he put his head and shoulders outside the cab while the engine was in motion, and was looking back, and his head was crushed against one of the poles, and he was killed.   It further appears that the defendant company maintained its track about twelve to eighteen inches from the line of telegraph poles, and operated it in that condition.   We think it was negligence in the company in maintaining and operating its road so near the line of telegraph poles; but this case turns upon the question as to whether the carelessness of the deceased caused his death.   If he was negligent, and did not use due care, reasonable in the situation, and his want of such care contributed to his injury, the plaintiff cannot recover.   This doctrine is so well known and understood that no authority need be cited in its support; but we cite *Quibell* v. *Railway Co.*, *post*, 25 Pac. Rep. 734 (decided at this term of this court).   In this case the evidence without contradiction shows that the decedent at the time he was killed had his head and shoulders to half way between his shoulders and elbows outside of the cab window, and was looking back, and in this position his head crashed against one of the poles, and he was killed.   His act not only seems careless, but more like the rash act of a man reckless of his life.   We think the verdict of the jury is so manifestly against the undisputed evidence that the court below should have granted a new trial.   The rule is that, where the verdict of the jury is manifestly against the evidence, and the trial judge refuses to set aside the verdict, it is the duty of the appellate court to reverse the case, and grant a new trial.   *Keaggy* v. *Hite*, 12 Ill. 100; Hilliard, New Trials & App. 336, 339, and authorities therein cited.   In this case the carelessness of the decedent clearly was the proximate cause of his death, and the jury ought to have

found for the defendant.    The case is reversed, and a *venire de novo* awarded.

ZANE, C. J., and ANDERSON, J., and MINER, J., concurred.